1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9       FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   WARREN C. GREEN,                     No.  2:15-cv-2586 JAM CKD P
12            Plaintiff,
13       v.                               ORDER
14   A. INFANTE, et al.,
15            Defendants.
16

17   I.  Introduction

18       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

19   under 42 U.S.C. § 1983.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested

20   leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to

21   this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

22       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

26   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

27   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

28   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

1

1    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

2    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3    II.  Screening Standard

4        The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16       In order to avoid dismissal for failure to state a claim a complaint must contain more than

17   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

18   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

19   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

20   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

21   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

22   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

23   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

24   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

25   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

26   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

27   U.S. 232, 236 (1974).

28   ////

2

III.  Analysis

Plaintiff alleges that officials at California Health Care Facility violated his federal Constitutional rights to due process and access to the courts.  (ECF No. 1 at 4.)  After his television was broken in a prison transfer, plaintiff was advised to file a CDCR 22 form.  (Id.; see Ex. B.)  Based on prison officials' advice, plaintiff failed to file a 602 inmate appeal before the time limit for such a filing expired.  (Id.)  His subsequent 602 appeals were rejected on procedural grounds.  (Id.)  Plaintiff alleges he was "manipulated" by prison officials and, as a result, cannot exhaust administrative remedies as to the broken television.[1]  (Id. at 7, 10-12.)

Plaintiff fails to state a cognizable § 1983 claim on the facts alleged.  First, inmates have no Constitutional right to a specific prison grievance procedure.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also McCoy v. Roe, 509 Fed. Appx. 660, 660 (9th Cir. Feb.19, 2013) (affirming dismissal of claims arising from defendants' handling of prisoner's grievances) (citing Ramirez).

Second, plaintiff does not plead the elements of an access-to-courts claim.  See Lewis v. Casey, 518 U.S. 343, 349-50, 353 (1996) (prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury," i.e., "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.").  Specifically, he does not appear to have an underlying due process claim concerning his broken television.

A negligent or intentional deprivation of property by a state employee does not constitute a violation of federal due process if the state provides a meaningful post-deprivation remedy for the loss.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Zimmerman v. City of Oakland, 255 F.3d 734, 738 (9th Cir. 2001).  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.  Because plaintiff has an adequate state law remedy for being negligently or intentionally deprived of his television, no

[1] The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions. 42 U.S.C. § 1997e(a) (2008). Exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 93 (2006). This means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue. Id. at 90. Prisoners need comply only with the prison's own grievance procedures to properly exhaust under the PLRA. Jones v. Bock, 549 U.S. 199, 218 (2007).

1    federal due process claim was impeded by defendants' actions.  Thus plaintiff does not allege the

2    "actual injury" element of an access-to-courts claim.

3        For these reasons, the complaint will be dismissed for failure to state a claim.  However,

4    plaintiff will have one opportunity to file an amended complaint.

5    IV.  <u>Leave to Amend</u>

6        Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

7    complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones</u>

8    <u>v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

9    least some degree of particulary overt acts which defendants engaged in that support plaintiff's

10    claim.  <u>Id.</u>

11        Plaintiff must demonstrate how the conditions complained of have resulted in a

12    deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).

13    Also, the complaint must allege in specific terms how each named defendant is involved.  There

14    can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

15    between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362

16    (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743

17    (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

18    rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

19        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

20    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

21    complaint be complete in itself without reference to any prior pleading.  This is because, as a

22    general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

23    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

24    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

25    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

26        In accordance with the above, IT IS HEREBY ORDERED that:

27    1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

28    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

1    shall be collected and paid in accordance with this court's order to the Director of the California

2    Department of Corrections and Rehabilitation filed concurrently herewith.

3         3.  Plaintiff's complaint is dismissed.

4         4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

5    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

6    Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

7    assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

8    two copies of the amended complaint; failure to file an amended complaint in accordance with

9    this order will result in a recommendation that this action be dismissed.

10   Dated:  February 4, 2016

11                                        _____
                                         CAROLYN K. DELANEY
12                                       UNITED STATES MAGISTRATE JUDGE

13

14

15

16   2 / gree2586.14new

17

18

19

20

21

22

23

24

25

26

27

28